Merrimack
No. 86-252

ALAN A. HOWARD

v.

FAY E. HOWARD

August 17, 1987

*Clauson, Smith & Whelan,* of Hanover (*K. William Clauson* on the brief and orally), for the plaintiff.

*Tardif, Shapiro & Cassidy,* of Concord (*R. Peter Shapiro* on the brief and orally), for the defendant.

SOUTER, J. The plaintiff appeals the property disposition provided by a decree of divorce, claiming that the Superior Court (*Cann*, J.) erred in awarding the defendant certain real estate that was subject to the terms of the parties' antenuptial settlement agreement, without responding to requests for findings and rulings addressing the effect to be given to the agreement. We vacate the property provisions of the decree and remand for the entry of a new order accompanied by findings and rulings on the disputed issue.

The plaintiff's libel for divorce alleged that he owned a house in Hopkinton. By motion to amend the libel he pleaded that he and the defendant had entered into an antenuptial agreement, *see* RSA 460:2-a, containing two provisions covering separately held property, one or the other of which may have been intended to entitle him to retain the house upon dissolution of the marriage. Paragraph 1 provided that property owned by the respective parties before marriage would "remain in their sole possession devoid of any dower, curtesy or other interest." Paragraph 2 provided that "any property . . . acquired separately by either party after marriage shall be exclusively the property of that individual, 'devoid of any dower, curtesy or other interest."

After a hearing on the libel, each party submitted requests for findings of fact and rulings of law. By his requests, plaintiff apparently sought recognition and enforcement of the agreement and the award of the Hopkinton house to him. The defendant's requests, on the other hand, indicated that the house should be treated as marital property subject to her claims, despite any contrary terms of the agreement.

The trial court did not specifically grant or deny either party's requests for findings and rulings, but provided that such requests as were inconsistent with the decree were denied. The decree itself was in a form proposed by the defendant, containing no reference to the antenuptial agreement, and it awarded the house to her, subject to her payment of a sum of money to the plaintiff.

We agree with the plaintiff that the trial court was obligated to address the subject of the antenuptial agreement with express findings and rulings. Although a superior court justice sitting without a jury is generally under no obligation to make findings and rulings in support of a decree unless a party asks for them, see Caouette v. Town of New Ipswich, 125 N.H. 547, 558, 484 A.2d 1106, 1114 (1984), when either party does request them, RSA 491:15 requires a statement of facts and legal rulings in jury-waived and non-jury cases heard in accordance with RSA 491:13 and RSA 491:14, respectively. The trial judge in such a case need not respond expressly to every specific request filed by a party, but the court is obligated to make findings of the "basic," see Pugliese v. Town of Northwood, 119 N.H. 743, 749, 408 A.2d 113, 117 (1979), or "essential" facts, see Heinze v. Heinze, 122 N.H. 358, 362, 444 A.2d 559, 562 (1982), that are sufficient to support the ultimate decision. This may be done in narrative form, R. J. Berke & Co. v. J. P. Griffin, Inc., 116 N.H. 760, 767, 367 A.2d 583, 588 (1976), and the essential rulings of law may be likewise explained. The object is to allow an opportunity for adequate review in this court, see Pugliese v. Town of Northwood supra, by providing us with the actual basis for the trial court's decision, in terms of facts found and law applied. See R. J. Berke & Co. v. J. P. Griffin, Inc. supra.

In this case we do not know the actual basis for the court's award of the house, because the decree is silent on the existence and effect of the antenuptial agreement alleged by the plaintiff. We cannot tell whether the court found that there had been no agreement, or ruled that its terms supported the award of the house to the defendant, or that the agreement had been modified, or that the plaintiff should for some reason be barred from seeking its enforcement. This list of possibilities indicates why we cannot review the decision in practical terms without findings and rulings on the subject of the agreement. Because the plaintiff, and indeed each party, requested findings and rulings that would have allowed us to engage in such a review, the plaintiff is entitled to relief from the decree as it stands.

■■ In considering the scope of appropriate relief, we recognize that the reasonableness of any particular property disposition must be judged in the context of the whole award, and that we would therefore risk further error by merely vacating the award of the house and remanding for a reconsideration on that sole item. Hence, we vacate all portions of the decree dealing with property, and we remand for a reconsideration of the entire property award, supported by findings and rulings about the agreement alleged.

*Vacated in part and remanded.*

JOHNSON and THAYER, JJ., did not sit; the others concurred.