Strafford
No. 88-262

BERNICE C. HODGINS

v.

ELWIN B. HODGINS, JR.

August 23, 1989

*Douglas C. Gray*, of Dover, by brief and orally, for the plaintiff.

*Sanders and McDermott*, of Hampton (*Lawrence M. Edelman* on the brief, and *Wilfred L. Sanders, Jr.*, orally), for the defendant.

### MEMORANDUM OPINION

JOHNSON, J. The defendant appeals from orders of the superior court determining that the date of final hearing in a divorce case, rather than the date of commencement of the divorce proceedings, would be the correct date to be used in valuing pension benefits. We reverse and remand.

The parties were married on March 7, 1959, in Pittsfield. The defendant is a pilot employed by the airline now known as U.S. Air. The plaintiff commenced a divorce action on September 16, 1982, and, on a master's recommendation, the superior court issued a final decree on May 10, 1984. The plaintiff subsequently appealed that decree to this court, and we rendered a decision relative to the property settlement rights of the parties. *Hodgins v. Hodgins*, 126 N.H. 711, 497 A.2d 1187 (1985). We remanded the case to the superior court for further proceedings as to the property division, and particularly as to the proper distribution of the defendant's pension benefits. *Id.* at 714–17, 497 A.2d 1189–91.

On remand, the Master (*Stephanie T. Nute*, Esq.) made further orders, which were approved by the Superior Court (*Nadeau*, J.), and the defendant appealed.

In the previous appeal, this court made it clear that the valuation of pension benefits for distribution between the parties would be determined by considering the retiree's employment from the date of marriage "to commencement of the divorce proceedings." *Hodgins, supra* at 716, 497 A.2d at 1190. Despite this clear language, the master determined that the date of the final hearing, rather than the date the divorce proceeding was commenced, would be the controlling date for valuing the pension benefits. This was clear error and requires that the case be remanded once again for a correct determination of the respective rights of the parties to the pension benefits that the defendant will receive upon retirement.

█ In the master's ruling of May 31, 1988, she stated,

> "The Master is aware of several cases which have since been appealed to the N.H. Supreme Court on this very point [*i.e.*, the valuation date of assets]; although none of the decisions have yet been issued, the Master anticipates that the Court will determine that *all* assets should be valued at the date of final hearing or decree, not [the] date of filing."

(Emphasis added.) The master was not particularly prophetic. In *Hillebrand v. Hillebrand*, 130 N.H. 520, 524, 546 A.2d 1047, 1049 (1988), we again addressed the issue of the valuation date for marital assets and allowed for flexibility in establishing the valuation date for most assets. However, we specifically affirmed that the period to be used in determining what portion of pension benefits should be considered marital assets to be divided between the parties would be the period "'*during the marriage and prior to commencement of the divorce proceedings.*'" *Hillebrand, supra* at 525, 546 A.2d at 1050 (quoting *Hodgins*, 126 N.H. at 716, 497 A.2d at 1190). (Emphasis in original.)

█ This case is thus remanded to determine the pension rights of the parties in accordance with our original decisions in *Hodgins* and in *Hillebrand*. The master has properly stated her reasons for distributing the parties' property unequally. *See Hodgins* at 715, 497 A.2d at 1190. Because she erred in valuing the pension, however, on remand she will have to make adjustments in the entire property settlement, once she has revalued the pension, in order to

comply with the *Hodgins* rule. *See Dombrowski v. Dombrowski,* 131 N.H. 654, 660, 559 A.2d 828, 832, (1989).

*Reversed and remanded.*

All concurred.