Rockingham
No. 93-260

ROSEANN HOLLIDAY

v.

DONALD HOLLIDAY

December 14, 1994

*Sheehan, Schiavoni, Mooradian, Jutras & Pothier,* of Haverhill, Massachusetts (*Robert A. Jutras* on the brief and orally), for the plaintiff.

*Mulhern & Scott, P.A.,* of Portsmouth, and *Andrew M. Richelson,* of Londonderry (*Peter C. Scott* on the brief, and *Mr. Richelson* orally), for the defendant.

HORTON, J. The plaintiff, Roseann Holliday, appeals from an order of the Superior Court (*Gray,* J.) approving the recommendations of the Marital Master (*Harriet J. Fishman,* Esq.) in her divorce action. On appeal, the plaintiff argues that the trial court: (1) erred in failing to include the lottery windfall and early retirement incentive of the defendant, Donald Holliday, in the property settlement and alimony determinations; (2) abused its discretion in declining to award attorney's fees; and (3) erred in either not ruling upon or denying some of her requests for findings of fact and rulings of law. We affirm.

The parties married in June 1984 and separated in March 1989. The plaintiff filed for divorce on May 1, 1989, based upon irreconcilable differences. In April 1992, the defendant won approximately $734,000 in the New Hampshire lottery. He retired in October 1992, receiving an early retirement incentive of $21,388. In November 1992, the parties entered into a permanent stipulation. Shortly thereafter, defendant's counsel informed plaintiff's counsel of the defendant's lottery windfall. The plaintiff also learned of the retirement incentive. The plaintiff rescinded the stipulation prior to its approval by the court and amended her divorce libel to request alimony.

Following a two-day final hearing in January 1993, the trial court granted the parties a divorce and awarded the plaintiff $26,000 as her equitable share of marital assets. Her request for alimony was denied. The plaintiff's award included half of the pension benefits the defendant accrued during marriage and a share of other assets, but none of the retirement incentive or lottery winnings. The plaintiff appeals.

■ "On appeal, we will affirm the findings and rulings of the marital master unless they are unsupported by the evidence or are legally erroneous." *Shafmaster v. Shafmaster,* 138 N.H. 460, 464, 642 A.2d 1361, 1364 (1994).

*I. Property Settlement*

■ The plaintiff argues that the trial court abused its discretion by refusing to classify the defendant's lottery winnings and retirement incentive as marital assets subject to distribution. Although the trial court's decree could have been better phrased, we do not construe the decision below to imply that the lottery winnings and retirement incentive were not marital property subject to division and note that the trial court addressed the division of the lottery winnings as though they were marital property. The decree did not specifically address the retirement incentive, but we have held that the failure to evaluate the parties' property item by item is not reversible error where, as here, the record is sufficient to enable us to determine whether the property settlement is unjust. *See Azzi v. Azzi,* 118 N.H. 653, 655, 392 A.2d 148, 150 (1978).

■ Paragraph I of our property settlement statute, RSA 458:16-a (1992), states that "[p]roperty shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." Paragraph II sets forth the timing and procedure for the equitable, but not necessarily equal, distribution of marital assets:

> *When a dissolution of a marriage is decreed,* the court may order an equitable division of property between the parties. The court shall presume that an equal division is an equitable distribution of property, . . . unless the court decides that an equal division would not be appropriate or equitable after considering one or more of [fifteen enumerated] factors . . . .

RSA 458:16-a, II (1992) (emphasis added). When read in conjunction, paragraphs I and II show the legislature's intention that marital property includes any property acquired up to the date of a decree of legal separation or divorce. *See* RSA 458:16-a, :26. "The trial court may order redistribution of any property falling within the joint marital estate, or within the individual estates of either spouse." *Murano v. Murano,* 122 N.H. 223, 227–28, 442 A.2d 597, 599–600 (1982) (decided under prior law).

Thus, the lottery winnings and the retirement incentive are marital property.

■ The critical determination, therefore, is not whether assets are marital assets, but whether the trial court's distribution is equitable and within its discretion. If the trial court determines an equal division to be inappropriate after considering the parties' property in its entirety and the enumerated special circumstances, it may find, in its sound discretion, that equitable distribution of a marital asset means awarding it, in whole, to one party. *See* RSA 458:16-a, II; *Magrauth v. Magrauth,* 136 N.H. 757, 763, 622 A.2d 837, 840 (1993).

In *Magrauth,* we upheld the master's finding that pre-separation trust income was a marital asset *subject to distribution* and post-separation trust income was not:

> The master found that the defendant was the beneficiary of the trust income, and ruled that trust income generated prior to the separation was a marital asset, and that trust income generated after that date was not a marital asset subject to distribution . . . .
>
> The court's findings regarding the past and future trust income are clearly within its discretion.

*Magrauth,* 136 N.H. at 761, 622 A.2d at 838–39. The quoted language from *Magrauth* does not concern what is or is not a marital asset, but rather upholds the trial court's discretion in effecting an equitable distribution of marital assets.

■ In the present case, the trial court's recitation specified "one or more" of the requisite reasons for awarding an unequal distribution of marital property:

> Plaintiff argues Defendant came into such funds while the parties were married and therefore the same should be included as a marital asset, subject to distribution. Defendant states he purchased the lottery ticket thirty-seven months after the parties' separation and that at no time did he have any contact with Plaintiff since the separation, specifically no discussion regarding the purchase of the ticket. Therefore, he argues such winnings should not be considered a part of the marital estate, subject to distribution. Whether or not the Master finds the winnings to be part of the marital estate, this being a short-term marriage, the parties having no children together and considering the circumstances

surrounding Defendant's purchase of the lottery ticket, the Master denies Plaintiff's Motion and will not consider Defendant's lottery winnings for the purpose of equitably dividing the marital property or rendering an alimony award.

The duration of the marriage is one of the statute's enumerated factors, RSA 458:16-a, II(a), and we have held:

> A marriage of only one or two years may be considered differently than a long-term marriage of ten, twenty, or thirty years. In a short-term marriage, it is easier to give back property brought to the marriage and still leave the parties in no worse position than they were in prior to it. Where the parties have invested money and effort for years in an asset like a family business or house, however, the result is different.

*Rahn v. Rahn,* 123 N.H. 222, 225, 459 A.2d 268, 269 (1983). The trial court may also consider "[a]ny other factor that [it] deems relevant," RSA 458:16-a, II(o), including the "circumstances surrounding Defendant's purchase of the lottery ticket." "[I]f the master's findings can reasonably be made on the evidence presented, they will stand." *Dionne v. Dionne,* 129 N.H. 638, 639–40, 531 A.2d 319, 320 (1987). We find no abuse of discretion in the trial court's decision not to award the plaintiff any of the lottery winnings.

The plaintiff similarly argues that the defendant's retirement incentive should have been included in the property settlement. We disagree. Where pension benefits are concerned, we have made an exception to our general rule leaving distribution to the court's discretion: "[T]he period to be used in determining what portion of pension benefits should be considered marital assets to be divided between the parties would be the period *during marriage and prior to commencement of the divorce proceedings.*" *Hodgins v. Hodgins,* 132 N.H. 166, 167, 562 A.2d 1311, 1312 (1989) (quotation omitted). We note that the retirement incentive is particularly inappropriate for property division not only because it accrued long after the divorce proceedings commenced, but also because it is designed to compensate for retirement benefits that would have been earned in the future had the defendant continued working. We therefore find no abuse of discretion in awarding the plaintiff a share of only those pension benefits the defendant accrued prior to commencement of the divorce proceedings.

## II. Alimony

■ We turn next to the plaintiff's argument that the court erred in refusing to consider the lottery winnings and the retirement incentive in determining whether to award alimony. The court is not *required* to award alimony unless it finds that one party has need and is unable to maintain the standard of living enjoyed during marriage and the other party possesses the ability to pay. RSA 458:19, I (1992). In addition, the court *may* order alimony when it is just and equitable, RSA 458:19, II (1992), but this award is discretionary.

The trial court denied alimony because the plaintiff failed to prove need and was able to support herself at the level the parties enjoyed during their marriage:

> The Master finds the parties' lifestyle during the marriage was not extravagent [*sic*]. Their savings were minuscule. Plaintiff is currently employed and earns $30,000 annually. Without considering Defendant's lottery earnings, his monthly income is less than that of Plaintiff. Therefore, the Master finds that Plaintiff has not satisfied her burden of proof in accordance with NH RSA 458:19 and her alimony request is denied.
>
> . . . .
>
> No alimony or support of any kind or nature is awarded to either party at present. Plaintiff's current ability to earn income together with the lifestyle the parties' [*sic*] enjoyed during their marriage have resulted in this Order. However, should Plaintiff's circumstances change, for example, as a result of a prolonged illness or involuntary unemployment, she may petition the Court for relief.

Without a finding of need or a decision by the court to exercise its discretion in the interests of justice and equity, no alimony will be awarded. Until then, the defendant's ability to pay is immaterial. *See* RSA 458:19, I, II, IV. Our review of the record indicates no error or abuse of discretion in the trial court's denial of alimony.

■ We note, however, that should the issue of alimony be revisited, all of the defendant's assets, including the lottery winnings and retirement incentive, and the earnings thereon must be considered in assessing his ability to pay. *Cf. Lawlor v. Lawlor,* 123 N.H. 163, 459 A.2d 238 (1983). The decision to award alimony and the division of marital assets are separate and distinct

determinations, *see Dupuis v. Click,* 135 N.H. 333, 335, 604 A.2d 576, 577 (1992), and the trial court has no discretion to accept or reject sources of income when determining the ability to pay component of the alimony determination. With that caveat, we affirm.

## III. Attorney's Fees

There is no statutory provision allowing attorney's fees in divorce proceedings, although the trial court has the discretion to make the award where, for example, there is need on the part of one party and ability to pay on the part of the other. *See Indorf v. Indorf,* 132 N.H. 45, 47, 561 A.2d 241, 242 (1989). The record indicates that the plaintiff bases her request for attorney's fees not upon need, but merely upon the disparate economic positions of the parties. Unequal income or assets do not compel an award of fees, and our review of the record reveals no abuse of the trial court's broad discretion in these matters. We therefore affirm the court's denial of attorney's fees.

## IV. Findings of Fact and Rulings of Law

The plaintiff argues that the trial court erred in either not ruling upon or denying some of her requests for findings of fact and rulings of law and in granting certain of those of the defendant. If the parties make specific requests for findings and rulings, as they did here, the court should state its reasons and make specific findings and rulings supporting the decision it renders, *see Magrauth,* 136 N.H. at 763, 622 A.2d at 840, but the trial judge "need not respond expressly to every specific request filed by a party," *Howard v. Howard,* 129 N.H. 657, 659, 531 A.2d 331, 333 (1987). The purpose is to "allow an opportunity for adequate review in this court." *Id.* Of the plaintiff's many requests, those with consequence have been correctly ruled upon by the trial court.

*Affirmed.*

All concurred.