Rockingham
No. 96-753

FAITH R. BURSEY

v.

TOWN OF HUDSON

September 30, 1998

*Dorothy F. Silver*, of Manchester, by brief and orally, for the plaintiff.

*Donahue, Tucker & Ciandella*, of Exeter (*Robert M. DeRosier* and *John J. Ratigan* on the brief, and *Mr. Ratigan* orally), for the defendant.

HORTON, J. The plaintiff, Faith R. Bursey, appeals a decision of the Superior Court (*Gray*, J.) denying her standing to challenge the deeding by property tax lien of certain property to the Town of Hudson (town). We reverse and remand.

The record reveals the following facts. In 1991, Faith R. Bursey filed a libel for divorce against her husband, Arthur H. Bursey, Jr.

A significant asset within the marital estate to be distributed was ownership of The Meadows, Inc., a corporation that owned real estate located at 207 Central Street in Hudson. In June 1991, the Superior Court (*Gray*, J.) issued a temporary decree, with the following provisions relevant to the marital estate's business property:

13. The Defendant is awarded the temporary exclusive control of the corporations and/or business entities in which he has an ownership and/or proprietary interest, and shall, in good faith, and pending a final hearing on the merits, endeavor to manage the assets of the same in a prudent and reasonable manner and shall account to the plaintiff on a regular basis for any and all transactions relating to sales, acquisitions and the disposition of all funds realized and/or expended relating thereto from the date of this temporary hearing forward.

14. The Defendant shall be totally responsible for the payment of any and all debts and/or liabilities incurred by the Defendant's corporations and/or business entities, whether incurred prior to and/or subsequent to this temporary hearing including any and all IRS liabilities and expenses related thereto.

15. Each party is enjoined from transferring, encumbering, hypothecating, concealing or in any way disposing of any marital property and/or other assets, real or personal, except by written agreement of both parties and/or by order of this Honorable Court, and/or in the usual course of business or for the necessities of life and each party is directed to notify the other of any proposed extraordinary expenditures and to account to the Court for all such expenditures.

Although Arthur Bursey was required under the temporary decree to pay "all debts and/or liabilities incurred by the Defendant's corporations," neither Arthur Bursey nor The Meadows, Inc. paid 1993 property taxes to the town. The town placed a tax lien on the property on May 24, 1994, for nonpayment of taxes.

On July 5, 1996, the town's tax collector sent The Meadows, Inc. a notice of impending tax deed, *see* RSA 80:76 (1991) (amended 1997), requiring payment by August 9, 1996, of approximately $14,000 in back taxes and interest dating from 1993. The notice stated that failure to pay would result in the tax collector deeding the real estate to the town. On August 22, the plaintiff advised the

town of her divorce proceedings, her claim to the real estate as "marital property," and her ability to pay the outstanding taxes. She requested that the town delay the tax deeding so she could seek relief in superior court. In a letter dated August 28, 1996, the town advised the plaintiff that its "decision in this matter is to take no action on this."

The plaintiff filed a petition for a temporary restraining order and preliminary injunction to enjoin the town from deeding the property, which was denied on an *ex parte* basis on August 27, 1996. The record does not indicate that a final decree had been issued in the Burseys' divorce at that time. On September 11, 1996, the town's tax collector deeded the real estate to the town. After a hearing on September 16, 1996, the Superior Court (*Gray*, J.) denied the plaintiff relief in a short opinion issued the same day: "After hearing, the petition for preliminary injunction is denied. The plaintiff has no legal interest in the real estate and had none at the time of taxes for which the property has now been deeded." The court subsequently denied the plaintiff's motion to reconsider and clarify.

■ On appeal, the plaintiff argues that the court: (1) erred as a matter of law by not finding that she had a property interest in the real estate; and (2) abused its discretion by not granting her an injunction to protect her interests in the real estate. Because the issue of the plaintiff's property interest in the real estate requires a review of the temporary decree, "we interpret the decree *de novo.*" *Bonneville v. Bonneville,* 142 N.H. 435, 438, 702 A.2d 823, 825 (1997); *see Estate of Frederick v. Frederick,* 141 N.H. 530, 531, 687 A.2d 711, 713 (1996).

The plaintiff argues that although title to both the real estate and the stock of The Meadows, Inc. was not in her name, she had an interest in the real estate because it was property subject to a property settlement in a divorce case under RSA 458:16-a (1992). RSA 458:16-a, I, provides in pertinent part:

> Property shall include all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties. Intangible property includes, but is not limited to, employment benefits, vested and non-vested pension or other retirement benefits, or savings plans.

As we have previously noted, "marital property includes any property acquired up to the date of a decree of legal separation or

divorce." *Holliday v. Holliday*, 139 N.H. 213, 215, 651 A.2d 12, 14 (1994). "[I]t is common practice to include business assets as part of the marital estate." *Hillebrand v. Hillebrand*, 130 N.H. 520, 523, 546 A.2d 1047, 1049 (1988). Stock is generally considered intangible personal property, *see Town of Tuftonboro v. Lakeside Colony, Inc.*, 119 N.H. 445, 450, 403 A.2d 410, 413 (1979), and ownership may be modified in a property settlement. *See* RSA 458:16-a, I, II; *cf. Tardif v. Tardif*, 124 N.H. 345, 347, 469 A.2d 1342, 1343-44 (1983) (challenging division of stock resulting from dividends and stock splits after court ordered an equal division of jointly held stock). "The trial court may order redistribution of any property falling within the joint marital estate, or within the individual estates of either spouse." *Holliday*, 139 N.H. at 215, 651 A.2d at 14 (quotation omitted); *see also Baker v. Baker*, 120 N.H. 645, 647, 421 A.2d 998, 1000 (1980) ("Once the article in question is found to be properly within a party's estate, the trial court has broad discretion in determining and ordering an equitable distribution of that property."). Further, until the final decree issues, property held by either party in a marriage may be distributed in the property settlement. *See Holliday*, 139 N.H. at 215, 651 A.2d at 14.

Even though the plaintiff lacked title to both the real estate and The Meadows, Inc. stock, her interest in the corporation and its assets was protected by the 1991 temporary decree, which granted the plaintiff, *inter alia*, an equitable interest in the corporation. Because a final divorce decree had not issued, the plaintiff could still have been awarded stock in The Meadows, Inc., and thus she had an equitable claim to the property. *See* RSA 458:16-a. A party with an equitable interest in a marital asset, *see* RSA 458:16-a, I, has standing to protect legal title to that interest. *See Roberts v. General Motors Corp.*, 138 N.H. 532, 535, 643 A.2d 956, 958 (1994). While it is true that the plaintiff may not ultimately be awarded any stock or interest in the real estate in the final decree, by denying the plaintiff standing to seek equitable relief, the trial court effectively terminated any possible claim of the plaintiff to the real estate. This was error.

Accordingly, we conclude that the plaintiff had a legally protectable property interest in the real estate through her claim to The Meadows, Inc. by virtue of inclusion of the corporation's stock within the marital estate. Because the trial court erred in concluding that the plaintiff did not have a property interest that provided

her standing to seek equitable relief, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, J., sat but did not participate in the decision; the others concurred.