# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0216, <u>In the Matter of Carlos Figueroa and Deanna Figueroa</u>, the court on March 1, 2018, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Deanna Figueroa (wife), appeals a final order of the Circuit Court (<u>Introcaso</u>, J.) in her divorce from the petitioner, Carlos Figueroa (husband). She contends that the evidence was insufficient to support the trial court's rulings: (1) making her solely responsible for a Parent PLUS loan in her name, <u>see</u> RSA 458:16-a (2004); and (2) not awarding her alimony, <u>see</u> RSA 458:19 (Supp. 2017).

We first address whether the trial court erred in making her solely responsible for the loan. In reviewing the trial court's distribution of marital property as part of a final decree of divorce, our role is not to reweigh the equities and divide the property accordingly. <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. 357, 365 (2012). Rather, our limited role is to determine whether the trial court's decision was a sustainable exercise of discretion. <u>In the Matter of Henry & Henry</u>, 163 N.H. 175, 183 (2012). This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). The trial judge is in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of witnesses. <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 708 (2008). If the court's findings can reasonably be made on the evidence presented, they will stand. <u>Spenard</u>, 167 N.H. at 3.

Marital property is not to be divided according to a mechanical formula, but in a manner deemed "just" based upon the evidence presented and the equities of the case. <u>In the Matter of Sarvela & Sarvela</u>, 154 N.H. 426, 431 (2006). Under RSA 458:16-a, II, an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the statutory factors. <u>Sarvela</u>, 154 N.H. at 431. The court need not consider all the factors or give them equal weight. <u>Id</u>.

In this case, the trial court found that: (1) the husband "was not a willing or knowing party to the Parent PLUS loans that were taken out by the [wife], in her own name, to finance the children's college education"; (2) the husband "did

not intend to pay for his older children's tuition"; and (3) the wife "was aware of the [husband's] position that the children would have to find a way to pay for college." Cf. Durgin v. Pillsbury Lake Water Dist., 153 N.H. 818, 821 (2006) (stating existence of contract is question of fact).

These findings were supported by the wife's testimony that she:  (1) authorized the parties' adult sons to apply for the loan in her name; (2) did not know if the husband knew that the sons used the parties' joint tax returns to apply for federal student aid; and (3) did not inform the husband of the balance of each loan disbursement or of the total balance of the loan when he inquired. The findings were further supported by the husband's testimony that, although he knew that the wife had taken out a loan, he:  (1) did not apply for the loan or any disbursements under it; (2) did not know the balance of the loan; and (3) had told the wife and sons that the sons would have to secure loans themselves to pay for their post-secondary education because he could not afford it.  The trial court noted that some of the loan disbursements occurred after the wife had left the family home.

Furthermore, the trial court found that the wife "appears to have allowed the children a 'blank check' to pay whatever was needed to assure their continued enrollment in their respective higher education classes."  This finding was supported by the wife's testimony that "[a] lot of the times" the sons secured additional disbursements under the Parent PLUS loan when she was not present. She further testified that she gave the sons permission to borrow whatever they needed every semester in her name.  She noted that when she had looked at the balance of the loan, before the most recent disbursements, "[a]ll [she] just said was wow," but that she concluded that "it's probably not the most diligent, but it's what I felt that we needed to get done to get those kids to school."

The wife argues that, because the trial court found her jointly responsible for the loan that the husband took out for the youngest son's first college semester, it should have found the husband jointly responsible for the Parent PLUS loan in her name.  However, the wife testified that she and the husband discussed the loan in his name beforehand and she agreed to it.

The wife points to her testimony that the husband "specifically directed [her] to 'do what we have to do [to] get these loans.'"  However, the trial court was not required to believe even uncontroverted testimony.  See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 67 (2012).  The husband testified that he told the wife that the sons would have to obtain their own loans.  The wife argues that the husband did not testify that he told her he would not pay a portion of the Parent PLUS loan.  However, the husband testified that he did not know the balance on that loan.

The wife argues that:  (1) she and the husband had agreed, during the marriage that "their sons' college education was important"; (2) the husband

2

agreed to borrow to pay for the youngest son's first college semester; (3) the husband never said that he did not want the youngest son to continue in college; and (4) the husband knew that the sons were attending college or taking on-line courses and knew they needed loans to do so. However, none of these points compelled the trial court to find that the husband was jointly liable for the wife's loan.

We conclude that the record contains an objective basis to sustain the trial court's discretionary judgments regarding the parties' respective liability for the Parent PLUS loan. See Spenard, 167 N.H. at 3.

We next address whether the trial court erred by denying the wife alimony. Trial courts have broad discretion in awarding alimony. Henry, 163 N.H. at 182. We review the trial court's decision under our unsustainable exercise of discretion standard. Id.

In this case, the wife waived alimony unless she was ordered to pay the Parent PLUS loans. She argues that the husband's income is almost twice as large as hers and that her request for alimony is reasonable because the trial court allocated the Parent PLUS loans to her. However, the trial court could have reasonably viewed her request for alimony as an alternative method to compel the husband to share responsibility for her loan. Cf. In the Matter of Kempton & Kempton, 167 N.H. 785, 802 (2015) (stating primary purpose of alimony is rehabilitative).

The wife argues that the trial court erred by not specifically addressing her alimony request in its final order or its order on her motion for reconsideration and that she is "at a disadvantage" as a result. However, the record does not reflect that she requested specific findings. See Howard v. Howard, 129 N.H. 657, 659 (1987) (stating trial court generally under no obligation to make findings unless party requests them).

We conclude that the trial court's decision not to award the wife alimony was a sustainable exercise of discretion. See Henry, 163 N.H. at 182.

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**

3