# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0615, <u>In the Matter of Lisa Knott and John Knott</u>, the court on October 15, 2019, issued the following order:**

Having considered the respondent's brief, the petitioner's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, John Knott, appeals the final decree of the Circuit Court (<u>Luneau</u>, J.) allocating the marital property in the parties' divorce. On August 22, 2018, the trial court issued a Final Order and Final Decree of Divorce, which, following the court's review of the parties' respective motions for reconsideration, were amended by the court on October 4, 2018. The respondent argues that the trial court erred by (1) awarding an unequal distribution of the marital assets, and (2) considering certain evidence in amending its initial order. The trial court has broad discretion in determining and ordering distribution of property in the marital estate. <u>Hoffman v. Hoffman</u>, 143 N.H. 514, 517 (1999). Absent an unsustainable exercise of discretion, we will not overturn the decision of the trial court in matters involving property distribution. <u>Id</u>.

First, the respondent argues that the trial court unsustainably exercised its discretion in awarding the petitioner a greater share of the marital estate. Although there is a presumption that an equal division of the marital property is an equitable one, RSA 458:16-a, II (2018), a court is not required to equally divide the assets to effect an equitable distribution, <u>see Dombrowski v. Dombrowski</u>, 131 N.H. 654, 660 (1989). Rather, after considering various factors set forth in RSA 458:16-a, II, the court may decide that an equal division of the marital property is not warranted. <u>See</u> RSA 458:16-a, II(a)-(<u>o</u>). As long as the court deems the division "just," the court's action is not governed by a "fixed rule or mathematical formula." <u>Hoffman</u>, 143 N.H. at 520 (quotation omitted). "[T]he amount of the property to be allowed to a spouse depends upon the facts of the particular case." <u>Id</u>. (quotation omitted).

After properly considering the relevant factors under RSA 458:16-a, II, the trial court determined that, although its allocation "may or may not be an equal division," given its inability to ascertain, based on the evidence, the value of some of the parties' assets, it was an "an equitable division." In reaching this decision, the court noted that it's "intention [wa]s to have [the petitioner] be able to continue to reside in the home with the parties['] adult child, who has a disability, and have the resources to support herself upon retirement."

Given this reasoning, it was well within the court's discretion to award 100% of the equity in the marital home to the petitioner. See In the Matter of Hampers & Hampers, 154 N.H. 275, 285 (2006) ("A trial court is not precluded . . . from awarding a particular asset in its entirety to one party."). Furthermore, although the respondent argues that the court should have given more weight to certain factors than others, "[u]nder the statute, the court need not consider all factors or give them equal weight." In the Matter of Crowe & Crowe, 148 N.H. 218, 221 (2002).

Second, the respondent asserts that the trial court improperly considered an "equalization" factor in lowering the estimated value of the marital residence. At the hearing, the parties offered different valuations of the marital home. Counsel for the petitioner also requested that the court take judicial notice of an equalization ratio, which is issued by the New Hampshire Department of Revenue Administration (DRA) on an annual basis. Pursuant to New Hampshire Rule of Evidence 201, a court may take judicial notice of, among other things, "regulations of governmental agencies." N.H. R. Ev. 201(b); see also Fam. Div. R. 2.2 (stating that, although the New Hampshire Rules of Evidence generally do not apply in domestic relations matters, the family division may utilize the rules of evidence "to enhance the predictable, orderly, fair, and reliable presentation of evidence"). Each year, in accordance with its governing regulations, the DRA issues a listing of the appropriate equalization ratios for each municipality in the state to calculate the municipalities' estimated market values. See N.H. Admin. R., Rev 2801-2804. Because the DRA's equalization ratios are issued in accordance with the agency's governing regulations, the trial court did not err in taking judicial notice of the relevant ratio.

Third, the respondent contends that the trial court unsustainably exercised its discretion in considering evidence regarding the amount of the parties' credit card debts at the motion for reconsideration stage that was not submitted at the final hearing. As we have stated in the past, however, it is within the sound discretion of the trial court whether to receive further evidence on a motion for reconsideration. Farris v. Daigle, 139 N.H. 453, 454 (1995). In this case, the trial record included evidence concerning the amount of the parties' credit card debts. The "new" evidence submitted on reconsideration was consistent with the trial record, but clarified the joint or separate nature of the parties' liability for those debts. Under the circumstances, we cannot say that the trial court unsustainably exercised its discretion by considering the additional evidence.

Fourth, the respondent argues that a van, gifted to him after the parties' separation, was incorrectly considered by the trial court in distributing the marital property. This argument is unavailing. As decided in Holliday v. Holliday, 139 N.H. 213 (1994), even assets acquired by a party through means other than purchase are considered marital property if they are "acquired up to

2

the date of a decree of legal separation or divorce." <u>Holliday</u>, 139 N.H. at 215-16 (holding that lottery winnings acquired by defendant prior to legal separation or divorce were marital property).  Here, the van was acquired by the respondent prior to the trial court's issuance of the final divorce decree.

Lastly, the petitioner contests that the trial court failed to specify its reasons for unequally distributing the marital assets.  As discussed above, however, this contention is not supported by the record.  Both the trial court's initial and amended orders indicate that the court reached its decision after thoroughly examining the factors set forth in RSA 458:16-a, II.  Thus, we conclude that the trial court did not unsustainably exercise its discretion in distributing the marital property.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**