# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0090, <u>In the Matter of Christina Dunn and Timothy Dunn</u>, the court on April 1, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1). The respondent, Timothy Dunn (husband), appeals the final decree of the Circuit Court (<u>Luneau</u>, J.) in his divorce from the petitioner, Christina Dunn (wife), arguing that the trial court erred in: (1) calculating his present income for purposes of child support; and (2) making insufficient findings to support its unequal division of the marital assets.  We affirm.

The husband first argues that the trial court erred in calculating his present income for purposes of child support.  We will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law.  <u>In the Matter of Laura & Scott</u>, 161 N.H. 333, 335 (2010).  The party asserting that a trial court order is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of his case.  <u>In the Matter of Conner & Conner</u>, 156 N.H. 250, 252 (2007).

When calculating a parent's child support obligation, the court must first determine each parent's present income.  <u>In the Matter of Ndyaija & Ndyaija</u>, 173 N.H. 127, 140 (2020).  It is up to the trial court to decide which income figures should be used based upon the evidence presented at the hearing.  <u>Id</u>. The record shows that the husband receives, in addition to his regular income, a stipend from his employer of $833 per month for not participating in the employer's health insurance plan.  The husband does not dispute that, at the time of the final hearing, his income, including the stipend, was $7,787.00 per month—the amount the trial court used for purposes of calculating his child support obligation.  The husband testified that, after the divorce, he will obtain health insurance through his employer, and that, when he does, he will no longer receive the stipend.  He argues that the trial court erred by not deducting the stipend from his present income before calculating his child support obligation.

The husband provided no evidence to show that, following the divorce, he will have no option but to enroll in his employer's health insurance plan.  The trial court recognized that the husband will <u>likely</u> enroll in the plan after the divorce, which will cause him to lose the stipend.  The court considered this factor in its decision to adjust the husband's child support obligation

downward from $1,385 per month, the amount due under the guidelines, to $1,150 per month, a reduction of $235 per month. We conclude that the trial court's present income determination is not legally erroneous, and that the husband has failed to show that the court's order is clearly untenable or unreasonable to the prejudice of his case. See In the Matter of Conner, 156 N.H. at 252.

The husband next argues that the court made insufficient findings to support its unequal division of the marital assets. RSA 458:16-a, IV (2018) requires the trial court to "specify written reasons for the division of property which it orders." Specifically, the husband argues that the trial court did not provide adequate reasons for its unequal division of the equity in the marital home. The court awarded the marital home, with its $91,887 in equity, to the wife, and ordered her to pay the husband $23,000 upon refinancing "[t]o balance the property settlement." Although the court did not divide the equity in the marital home equally, it considered the parties' respective contributions to the marital estate in determining an equitable division. Specifically, the court noted that the wife "contributed substantially to the down payment on the home, using a savings account she had prior to the marriage." The wife testified that she paid the entire $23,473.55 that the parties paid at closing.

The husband also argues that the trial court did not adequately assess the negative value of his masonry business, which it awarded to him. It is undisputed that the husband is no longer operating the business. The court found that it has no present value. While the divorce was pending, the husband sold equipment and other assets of the business, receiving $2,300 for tools and $5,787 for a dump truck. Although the husband testified that he still has business debts, the court expressed doubt as to whether he "would ultimately be legally responsible" for those debts, given that the business operated as a limited liability company. We conclude that the court adequately specified the written reasons for the property division it ordered. See RSA 458:16-a, IV.

In addition, the husband argues that the trial court erred by not identifying the values of the assets and debts which it assigned to the parties. "The failure to evaluate the parties' property item by item is not reversible error where, as here, the record is sufficient to enable us to determine whether the property settlement is unjust." Holliday v. Holliday, 139 N.H. 213, 215 (1994). In this case, the court equally divided the marital portions of the parties' defined benefit plans pursuant to the Hodgins formula. See Hodgins v. Hodgins, 126 N.H. 711, 715–16 (1985) (superseded on other grounds by RSA 458:16–a, I (2018)). The court awarded each party his or her own defined contribution retirement accounts. The court awarded each party his or her own bank accounts and motor vehicles. The court ruled that each party shall

be responsible for the debts in his or her own name. We conclude that the record is sufficient to show that the trial court divided the assets equitably. See Holliday, 139 N.H. at 215.

Affirmed.

Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**