# LONG, Appellant v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellee.

Ohio Appeals, First District, Butler County.

No. 891.   Decided January 12, 1945.

454

Mr. C. W. Elliott, Middletown, for appellant.

Messrs. Graydon, Head & Ritchey, Cincinnati, and Messrs. Millikin, Shotts & Reister, Hamilton, for appellee.

## OPINION

By ROSS, P. J.

This is an appeal on questions of law from the Court of Common Pleas of Butler County, wherein that Court overruled a demurrer to the third defense of the answer and the plaintiff not desiring to plead further, judgment was rendered for defendant.

The plaintiff is the widow of an employe insured by virtue of a group policy issued to his employer. She is also the beneficiary named in the certificate of participation of such employe issued by such employer. The policy covered the life of the employe and also provided for payment of insurance if such employe "became wholly and presumably permanently disabled." The employe, according to the allegations of the petition, became so disabled on the 7th day of June, 1924, and died April 3rd, 1927. Proof of such disability is alleged to have been furnished the defendant insurer on the 26th of June, 1938. The defendant filed an answer containing several defenses, the third defense containing the following language:

"if said James Long at any time became wholly and presumably permanently disabled within the provisions of the group policy then in effect, which defendant denies, the said James Long and Lennie Long, the plaintiff herein, failed and neglected to give defendant notice or submit proof thereof until June 26, 1938, a period of fourteen years and nine-

teen days after the alleged commencement of said alleged disability; that said delay was unreasonable and that by reason thereof defendant has no liability under said master policy and certificate to the plaintiff herein."

To this third defense the plaintiff filed a demurrer on the ground that it does not state facts sufficient to constitute a defense.

. By stipulation, it was agreed that said demurrer was to be considered as applying only to the language quoted supra, and as if the other language contained in said third defense were not incorporated therein.

Such demurrer, while a general demurrer to the third defense is not a general demurrer to the entire answer.

The rule is that a general demurrer to the answer will search the record for the first defective pleading. **31 O. Jur. p. 670, §108.** There appears no sound reason why a general demurrer to an affirmative defense should not also search the record and direct inquiry toward the petition. Especially is this true here, where the language of the defense taken alone would give little conception of the problem presented. It was the evident intention of the parties to present to the trial court two questions: (a) Where no specific time is mentioned in a policy within which proofs of loss must be filed, was it the intention of the parties to agree that such proofs of loss must be filed in a reasonable time? (b) May the Court determine this question as a matter of law or is it always a question of fact, to be determined under all the circumstances of the case?

(1) "If the contract of insurance does not specify the time within which notice or proofs of loss must be given or made, time is not of the essence of the contract and a reasonable time is allowed." **22 O. Jur., p. 731, §631.**

"In the absence of any provision in the policy relating to the time for presenting to the Company the proofs of loss, the law requires that such proofs must be made within a reasonable time and compliance within such time is sufficient." 29 Am Jur, p. 827, section 1104.

(2) What constitutes a reasonable time will depend upon all the circumstances of the case. **22 O Jur, p. 731, §631.**

(3) Whether such facts show that proof has been made

in a reasonable time is usually an issue of fact. **39 O Jur, p. 768, §160; 76 A. L. R. p. 61.**

(4) Even, where the facts are undisputed, but reasonable minds may draw different inferences from such facts, the question still is one of fact to be submitted to the trier of the facts. **Employers' Liability Assurance Corp. v Roehm, 99 Oh St, 343,** disapproving paragraph four of the syllabus in **Travelers' Insurance Co. v Myers & Co., 62 Oh St, 529.**

(5) However, where the facts are not in dispute, and reasonable minds could not draw conflicting inferences, and where no suggestion is made excusing a long delay in presenting proofs of loss, the question becomes merely a question of law. Or, stating it another way, the fact of the lapse of an unreasonable time in presenting proof becomes indisputably and conclusively apparent. **76 A. L. R., 61, 63; 39 O Jur, p. 768, §160.**

There are probably few cases in which such a situation would arise. In most cases, some factual issue would be presented, or divergent inferences appear. This is an exception to this usual situation. The time elapsing between the beginning of the disability and the proof of loss was more than fourteen years and within a few months of the statutory period for bringing this action. Not the slightest suggestion is made why this delay occurred. The plaintiff relies boldly upon the bare proposition that only the statutory limitation applies, and that she does not need to make a claim until she sees fit. This cannot be the law. The situation here is manifestly different from that appearing in the Roehm case **(99 Oh St, 343).** What inference could arise from the facts here presented even suggesting that the fourteen years delay was due to any cause which might be termed reasonable?

(6) A reasonable time means a period which is created because of some justifiable reason. No such reason is suggested in the petition, which, because of the absence of the delegation of any such reason or excuse was demurrable in itself, it being therein alleged that "if proof be furnished the Society that any employe insured under said policies and certificates and before having attained the age of sixty became wholly disabled by bodily injuries or disease and would be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupation, the defendant would pay six months after the recipt of such proof - - - - the full amount of insurance, etc."

(7) In the face of such allegation, the plaintiff alleges proof more than fourteen years after the disability and more

than eleven years after the death of employe, without any allegation indicating the slightest reason for delay.

Although a demurrer to the petition could have been sustained, no error, prejudicial to plaintiff occurred in the overruling of plaintiff's demurrer to the third defense, and the judgment for the defendant will, therefore, be affirmed.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ. (concur in syllabus and opinion.