Cheshire
No. 94-363

ARTHUR A. AND SHIRLEY E. GEISS

v.

CLAIRE B. BOURASSA & a.

February 7, 1996

*Bragdon, Berkson, Davis & Klein, P.C.*, of Keene (*James Romeyn Davis* on the brief and orally), for the plaintiffs.

*Wrigley, Weeks & Martin, P.C.*, of Keene (*John D. Wrigley* on the brief and orally), for the defendants.

BROCK, C.J. The plaintiffs, Arthur A. and Shirley E. Geiss, appeal the Superior Court (*Brennan*, J.) denial of their petition for permanent injunctive relief. We affirm in part and remand.

This action arises out of the operation of a waste disposal business, defendant Ken's Waste Disposal, Inc. (Ken's), in Westmoreland. Defendant Claire B. Bourassa owns Ken's. Bourassa's purchase of the property in 1989 was contingent upon her receiving town permission to operate Ken's on the property,

"including, without limitation, storage of trucks, rolloffs, containers (dumpsters) and the maintenance of those trucks and equipment and including trucks traveling to and from the premises at all necessary times of [the] day and night."

The Westmoreland zoning ordinance requires a landowner to obtain a special exception for any use within the commercial-industrial district in which Ken's operates. The Westmoreland Zoning Board (board) and the Westmoreland Planning Board met jointly in 1989 to consider Bourassa's request for a special exception. Bourassa represented during this process that her use of the property "would be a continuance in nature of its function from 1965 to [1989] as the site of R.H. Goodnow Construction." At the board hearing, Bourassa stated that Ken's would keep approximately twenty-five containers on the property and that there would be no storage of garbage there. The plaintiffs attended the meeting and did not object to the application.

After the hearing, the board granted the special exception, limited in this way: "This special exception allows a change in the use of the building and property from the office and the storage and maintenance of vehicles and equipment of [the prior owner's] business to the office and the storage and maintenance of the vehicles and equipment of Ken's Waste Disposal business."

Since 1989, Ken's has operated its waste business from the property. There are more empty trash containers (dumpsters) stored on the property than there were in 1989. Although the operating hours of the business have not changed since 1989, occasionally a mechanic will work until later in the evening to repair a truck that will be needed on the following day. In addition, the defendants concede that occasionally a truck is stored at Ken's overnight loaded with garbage rather than empty.

The plaintiffs sued the defendants in equity, seeking an injunction on the grounds that the defendants' use of the premises constitutes a nuisance, that it violates the conditions of their special exception, and that it violates the Westmoreland zoning ordinances. They also argued that a site plan review of the property was required before the board granted the special exception, that the storage of garbage and sorting of recycling materials on the property violate RSA chapter 149-M and the Westmoreland zoning ordinances, and that noise, dust, and odor from the business violate the zoning ordinance.

After a trial on the merits, the trial court denied the requested relief. Issuing a twelve-page order, the trial court declined to rule on the parties' combined 287 requests for findings of fact and rulings of law, concluding that the number of requests was unreasonable. The

court made narrative findings of fact, and ruled that the defendants' use of the property did not constitute a nuisance, and did not violate the conditions, implicit or explicit, of their special exception. The court did not rule on the plaintiffs' remaining claims. The trial court subsequently denied the plaintiffs' motion for reconsideration, which complained of the failure specifically to rule on several of their claims, concluding that the motion "raised no new issue or matter not previously perceived."

On appeal, the plaintiffs argue that they have been deprived of a meaningful review of their claims by the trial court's refusal specifically to rule upon each of their requests for findings of fact and rulings of law, or at least to address each of their claims in its narrative order. They also argue on the merits that the superior court erred in denying their requests for injunctive relief because the defendants exceeded the scope of the special exception relating to hours of operation, number of trucks, and storage of garbage.

We first address the plaintiffs' claim that the trial court erred in deciding that the defendants' use of the property does not violate any conditions of their special exception. "The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court to be exercised according to the circumstances and exigencies of the case. We review the equitable order of the trial court under the abuse of discretion standard." *Decker v. Decker,* 139 N.H. 588, 590, 660 A.2d 1112, 1114 (1995) (quotation and citation omitted). We find no abuse.

After a five-day bench trial, the trial court decided that the defendants' use of the property did not violate any conditions of the special exception. The plaintiffs seek to attach to the special exception particular "implied conditions," limiting the scope of the defendants' use of the property, that relate to the allowable number of trucks, number of containers, hours of operation, and storage. *See* 15 P. LOUGHLIN, NEW HAMPSHIRE PRACTICE, LAND USE PLANNING AND ZONING § 23.02, at 251-52 (2d ed. 1993) (zoning board has authority to place reasonable restriction on the grant of a special exception). The trial court concluded that "the only conceivable conditions implied by [the grant of the special exception], based on the minutes of the Zoning Board meeting, are the hours of operation, the number of containers and the storage of trash." The court noted that each of these "conditions" has been exceeded on occasion, but concluded that the "violations" have not changed the character or nature of the use. We agree.

"A special exception is a use permitted upon certain conditions as set forth in a town's zoning ordinance." *New London Land Use*

*Assoc. v. New London Zoning Board*, 130 N.H. 510, 517, 543 A.2d 1385, 1388 (1988). "If the conditions for granting the special exception are met, the [zoning] board must grant it, although the board does have authority to place reasonable conditions on the granting of the exception." 15 LOUGHLIN, *supra* § 23.02, at 251-52. No exception to the application of the ordinance is truly made. 3 E. ZIEGLER, RATHKOPF'S THE LAW OF ZONING AND PLANNING § 41.04, at 41-17 (1995); *see* 15 LOUGHLIN, *supra* § 23.05 (special exception provided for by ordinance is a permitted use when approved). Strictly speaking, then, the trial court erred in applying the review standard appropriate to the scope of variances or nonconforming uses, *see New London v. Leskiewicz*, 110 N.H. 462, 466-67, 272 A.2d 856, 860 (1970), which circumscribes more narrowly the permissible use of property.

■ The trial court made extensive findings of fact in its narrative order. Although it found that *if* there were implied conditions attached to the exception with regard to hours of operation, number of containers, and storage of trash, they had "arguably" been violated, the court concluded that the character of the use remained the same. The court found that "the only times that the hours [of operation] have been extended or that trash has been stored was during emergencies when trucks had broken down and were unable to complete their trip[s] to the dump." In addition, although it found that the number of containers currently stored on the property is "far larger than originally planned," the court concluded that this did not exceed the scope of the special exception. We find ample evidence in the record to support the trial court's conclusion that the defendants' use of the property did not violate conditions of their special exception, and conclude that the court did not abuse its discretion in denying the plaintiffs' requested injunctive relief.

■ The plaintiffs next contend that the trial court's refusal specifically to rule on their requests for findings and rulings denied them an adequate review of their claims. RSA 491:15 (1983) provides that if either party requests it, the superior court shall give its decision in writing, stating findings of fact and rulings of law.

> The purpose of requiring a written decision stating the . . . findings of fact and rulings of law is to provide a basis for presenting this court the questions of law arising on the facts found by the trial court. This purpose is fulfilled when the trial court files, in narrative form, findings of fact which sufficiently support [the] decision.

*Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 433, 445 A.2d 1119, 1122 (1982) (citations, quotation, and ellipsis omitted); *see Howard v. Howard*, 129 N.H. 657, 659, 531 A.2d 331, 332-33 (1987). Therefore, insofar as the plaintiffs' claim of error relates solely to the trial court's refusal specifically to rule on their requests for findings and rulings, their claim must fail. *Howard*, 129 N.H. at 659, 531 A.2d at 332-33.

The plaintiffs' assertion that the trial court's failure to rule on certain of their claims denies them adequate review of those claims stands on a slightly different footing. In its order, the trial court ruled on two claims, relating to nuisance and violation of the conditions of the special exception. A review of the petition, the requests for findings of fact and rulings of law, and the evidence admitted at trial indicates that the parties assumed that the plaintiffs' claims regarding RSA chapter 149-M, the failure of the defendants to procure site plan review, and their claims that the noise, dust, odor, and storage of garbage violate specific provisions of the Westmoreland zoning provisions were at issue, and that the court had an opportunity to rule on them. The RSA chapter 149-M claim and the claim that the storage of garbage violates the local zoning ordinance were not pleaded in the plaintiffs' petition, however, and the plaintiffs never moved to amend their petition to include these claims. Accordingly, the trial court did not err by not ruling on these claims.

A broad view of the plaintiffs' petition and requests for findings and rulings does show that they properly pleaded the site plan review issue and their zoning arguments relating to noise, dust, odor, and fencing. Although the court found facts that might bear on these claims, there is no ruling in the trial court's order for us to review on these issues. *See Magrauth v. Magrauth*, 136 N.H. 757, 763, 622 A.2d 837, 840 (1993); *Perron v. City of Somersworth*, 131 N.H. 303, 305, 553 A.2d 283, 284 (1988). Accordingly, we remand the case to the superior court for specific rulings on these claims.

*Affirmed in part; remanded.*

BRODERICK, J., did not sit; the others concurred.