Grafton
No. 97-053

PETER TAUSANOVITCH & *a.*

v.

TOWN OF LYME AND MYRON CROWE

November 9, 1998

*Sulloway & Hollis, P.L.L.C.*, of Concord (*Daniel P. Luker* and *Martin L. Gross* on the brief, and *Mr. Gross* orally), for the petitioners.

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for respondent Myron Crowe.

*Baldwin & de Seve*, of Concord, for respondent Town of Lyme, filed no brief.

BROCK, C.J. The petitioners, Peter and Kelly Tausanovitch and the Lyme Zoning Equity Group, appeal a decision of the Superior Court (*Smith*, J.) granting a motion to dismiss filed by the respondents, the Town of Lyme (town) and Myron Crowe. We affirm.

The record reveals the following facts. Myron Crowe owned a parcel of land in the town of Lyme in a rural zoning district. On February 8, 1995, the town planning board met and approved an application, with certain conditions, that Crowe had submitted for subdividing one parcel into two lots, lot 1 and lot 2. The Tausanovitchs had contracted to purchase lot 2 from Crowe in January 1995. One of the conditions for subdividing the parcel required Crowe to obtain a building permit from the zoning board of adjustment (ZBA) before building a residence or bed and breakfast because the proposed areas for development contained agricultural soil. On February 12, 1995, Crowe applied to the town for a permit to build on twenty-five percent of lot 1. An administrative officer of the town denied his request and referred it to the ZBA for consideration of a special exception to allow construction on the lot's agricultural soil.

The ZBA scheduled a public hearing for March 2, 1995, regarding an application submitted by Crowe for a special exception. *See* LYME, N.H., ZONING ORDINANCE art. IV, § 4.64B (1996) (governing uses and special exceptions for agricultural soils conservation district). During the hearing, which a representative of the petitioners attended, the ZBA discussed Crowe's proposed subdivision and building plans. The ZBA voted to continue the application until Crowe submitted more specific information.

Crowe submitted additional information, and on March 23, 1995, the ZBA reviewed a site plan for lot 1, which included a table showing the amount of agricultural soil on the lot, the amount to be developed, and the "planned development including the *bed and breakfast,* allowance for septic area, driveway, [and] maintenance buildings." (Emphasis added.) The ZBA granted Crowe a special exception but required him to meet certain conditions before he could obtain a building permit. The conditions limited the developable acres to a maximum of 3.55 acres of agricultural soil, required Crowe to grant a conservation easement to the town, and required a map displaying the development and easement as substantially conforming with a proposed subdivision drawing previously submitted by Crowe.

On May 22, 1996, Crowe submitted a building permit application with maps and plans to the town for the proposed construction of a bed and breakfast on lot 1. On June 12, 1996, the zoning administrator issued Crowe the permit. The zoning administrator wrote on the notice approving the permit that he did not refer the application to the ZBA because a "special exception [was] granted before this application on 3/23/95."

On August 6, 1996, the petitioners appealed the issuance of the permit to the ZBA and asked the Lyme Board of Selectmen (board) to "take legal steps to stop further construction on [the] lot." (Emphasis omitted.) On August 15, 1996, the ZBA heard the merits of the appeal, including testimony from the zoning administrator, the abutters, the petitioners, Crowe, and the public. The ZBA denied the appeal, reasoning, *inter alia*, that all notice provisions under the ordinance had been met, that the petitioners were present or represented at the planning board meeting and ZBA meeting approving the subdivision and conditionally approving the building of a bed and breakfast, that the special exception granted in 1995 covered the construction of a bed and breakfast, and that the issue of whether construction falls within the parameters of the permit was not properly before it. Subsequently, the ZBA denied the petitioners' motion for a rehearing.

The petitioners appealed the ZBA's decision to the superior court. The respondents moved to dismiss, arguing that the petitioners' appeal to the ZBA was not timely filed. The trial court granted the motion, finding that the petitioners failed to file the appeal with the ZBA within a reasonable time as required by a town ordinance. *See* LYME, N.H., ZONING ORDINANCE art. X, § 10.20 (1996). This appeal followed.

The petitioners argue that the trial court erroneously applied the reasonable time standard for administrative appeals. In accordance with RSA 676:5 (1996), article X, section 10.20 of the Lyme Zoning Ordinance provides that appeals, other than from denials by the ZBA, "shall be taken within a *reasonable period of time* by filing with the [ZBA] a notice of appeal specifying the grounds for appeal." Neither the statute nor the ordinance defines "reasonable period of time." *See generally* RSA 676:5; LYME, N.H., ZONING ORDINANCE art. X.

The petitioners assert that they "did not have actual or constructive notice that the building permit had been issued until late July or early August, 1996," and that they "appealed to the ZBA within just a few days of learning that the building permit had been issued." The petitioners argue that the superior court erred in concluding that they chose to delay the filing of their appeal to the ZBA until August 6, 1996, and in applying a *per se* rule in determining that the passage of fifty-five days from the issuance of the permit until the appeal was unreasonable. We disagree.

In reviewing the trial court's granting of the motion to dismiss, we evaluate whether the petitioners' allegations may be

reasonably construed to permit relief. *See, e.g., Hickingbotham v. Burke*, 140 N.H. 28, 29-30, 662 A.2d 297, 298-99 (1995). "We assume the truth of the [petitioners'] well pleaded allegations of fact and construe all reasonable inferences from them most favorably to the [petitioners]." *Id.* at 30, 662 A.2d at 299 (quotation and ellipsis omitted). The trial court, however, accepts "[a]ll findings of the zoning board of adjustment . . . upon all questions of fact properly before the court [as] prima facie lawful and reasonable." *Ray's Stateline Market v. Town of Pelham*, 140 N.H. 139, 143, 665 A.2d 1068, 1070 (1995). "This court, in turn, will uphold the decision of the superior court unless that decision is not supported by the evidence or is legally erroneous." *Id.* at 143, 665 A.2d at 1071 (quotation omitted).

■ We first interpret the zoning ordinance. The interpretation of a zoning ordinance is a question of law, which we review *de novo*. *See, e.g., Healey v. Town of New Durham*, 140 N.H. 232, 236, 665 A.2d 360, 365 (1995). "In general, the traditional rules of statutory construction will govern here. Thus, the words and phrases of an ordinance should always be construed according to the common and approved usage of the language . . . ." *Id.* (quotation and brackets omitted).

Generally, the time for an appeal from the administrative officer's decision begins to run when the appealing party knows or should have known about the decision. *See Zeilstra v. Barrington Zoning Bd. of R.*, 417 A.2d 303, 308 (R.I. 1980); *State v. Strange*, 960 P.2d 1016, 1018 (Wyo. 1998). The precise meaning of the phrase "reasonable time," or "reasonable period of time," for appealing, however, depends upon the circumstances in a particular case. *See Long v. Equitable Life Assur. Soc.*, 60 N.E.2d 805, 807 (Ohio Ct. App. 1945); *Zeilstra*, 417 A.2d at 308; 75A AM. JUR. 2D *Trial* § 755 (1991). Whether the facts in a particular case support a finding that a party appealed a decision to the ZBA within a "reasonable time" is ultimately a question of fact. *See Long*, 60 N.E.2d at 807. To determine whether a period of time is reasonable, the interests of the party benefiting from an administrative officer's, or a town's, actions should be balanced against the interests of the aggrieved party appealing to the ZBA. *Cf. Keating v. Zoning Board of Appeals of City of Saco*, 325 A.2d 521, 523-25 & n.5 (Me. 1974) (balancing the interests of the parties receiving building permits against the interests of the aggrieved party).

A reasonable time is "that time which upholds and saves to each of the interested parties the rights to which they are entitled and

protects them from injury or loss." *Meers v. Frick-Reid Supply Corporation*, 127 S.W.2d 493, 498 (Tex. Civ. App. 1939) (discussing personal property right). Some factors relevant to determining the reasonableness of a period of time include the knowledge of the parties, their conduct, their interests, the possibility of prejudice to any party, and any reason for the delay in appealing. *Cf. Healey*, 140 N.H. at 241, 665 A.2d at 368 (discussing unreasonable delay necessary to finding laches). Although the party relying on an administrative officer's action is entitled to know when the order becomes final, the parties objecting to the officer's action should be given sufficient time to file an appeal to protect their interests. *Keating*, 325 A.2d at 523-25. In this case, the Tausanovitchs were aware that Crowe was planning to build a bed and breakfast when they purchased some of Crowe's land. The ZBA further found that the notices provided to the petitioners for the hearings held in February and March 1995 complied with the administrative procedures in effect at that time. Additionally, the planning board approval of Crowe's proposed subdivision of the parcel stated that Crowe could build a bed and breakfast on lot 1 if he obtained the necessary building permit. Even if the actual notices from the ZBA and planning board failed to alert the petitioners that they should act, the petitioners were on constructive notice that the ZBA approved the special exception and building permit for Crowe to build a bed and breakfast.

The petitioners stated in their motion for reconsideration to the superior court that they "did not fully comprehend that construction of the new bed and breakfast facility" had commenced. They also stated in their objection to Crowe's motion to dismiss to the superior court that "[d]uring the months preceding and the weeks following the issuance of the building permit, Crowe's contractors were engaged in site clearing activities . . . ." Despite the petitioners' admissions, they claim that they could not observe the extent of construction from the road and that they believed that the construction was for the renovation of an existing residential structure. We find their arguments unpersuasive, especially in light of their admission that a building permit, which they had observed to be blank, was posted on Crowe's property. The record is not clear whether the petitioners ever attempted to clarify the purpose of the permits.

The facts support a conclusion that the petitioners had actual or constructive notice in June about the building permit and Crowe's construction activities. Accordingly, we agree with the

superior court's finding that the petitioners' "decision to wait until August 6, 1996 to file their appeal does not constitute filing within a reasonable time."

After further review of the record, we conclude that the parties' remaining arguments are without merit and warrant no further discussion. *See, e.g., Vogel v. Vogel,* 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.