Belknap
No. 2000-518

WILLIAM TIDD & a.

v.

TOWN OF ALTON & a.

Argued: January 3, 2002
Opinion Issued: October 11, 2002

*Dewhurst & Greene, P.L.L.C.*, of Bedford (*Arthur G. Greene* and *Glenn A. Perlow* on the brief, and *Mr. Greene* orally), for plaintiffs William and Melanie Tidd.

*McLaughlin Law Office, P.C.*, of Laconia (*Janice L. McLaughlin* on the brief and orally), for plaintiffs Patricia Scribner and Richard Humphreys.

*Fitzgerald & Sessler, P.A.*, of Laconia (*James N. Sessler* and *Margaret Sova McCabe* on the brief, and *Ms. Sova McCabe* orally), for defendant Town of Alton.

*Law Offices of Arthur W. Hoover*, of Alton (*Arthur W. Hoover* on the brief and orally), for the third party respondents.

BRODERICK, J. The Superior Court (*Perkins*, J.) vacated the decision of the Town of Alton Zoning Board of Adjustment (ZBA) granting a request for a special exception to the third party respondents, Richard and Gaye Holt. We affirm.

The record supports the following facts. The Holts own a forty-four acre tract of land located within a rural zoning district along County Road in

Alton. The plaintiffs, William and Melanie Tidd, Patricia Scribner and Richard Humphreys, own abutting property. In September 1998, the Holts applied for a special exception under the Town of Alton Zoning Ordinance, article 400, section 420, to develop a campground on their land.

Section 420 states:

> A Special Exception is a use that would not be appropriate generally or without restriction throughout a particular zone but which, if controlled as to the number, area, duration, location or relation to the neighborhood would promote the public health, safety, and general welfare. . . .
>
> . . . .
>
> c. The Board, in review of the application, *must* find that *all* the following conditions are met:
> I.    That a plat has been submitted in accordance with the appropriate criteria in Section 420b. . . .
> II.   The specific site is an appropriate location for the use.
> III.  No factual evidence is found that property value in the district will be reduced due to incompatible land uses.
> IV.   There is no valid objection from abutters based on demonstrable fact.
> V.    There is no undue nuisance or serious hazard to pedestrian or vehicular traffic, including the location and design of access ways and off-street parking.
> VI.   Adequate and appropriate facilities and utilities will be provided to insure the proper operation of the proposed use or structure.
> VII.  There is adequate area for safe and sanitary sewage disposal and water supply, and
> VIII. The proposed use or structure is consistent with the spirit of this ordinance and the intent of the Master Plan.

(Emphasis added.)

The Holts' initial application included a plan showing 136 campsites, with a seventy-five-foot buffer between the campsites and County Road. The ZBA denied the application on the grounds that "there [was] valid objection based on the fact that noise, traffic and smoke . . . would destroy the neighborhood features" and that the proposal presented "a serious hazard and undue nuisance to vehicular traffic . . . [and] a threat to pedestrians." After a rehearing, the ZBA again denied the Holts' application.

In May 1999, the Holts submitted a revised application to the ZBA, which reduced the number of proposed campsites to 100. The ZBA held a hearing on the threshold issue of whether, under *Fisher v. City of Dover*, 120 N.H. 187 (1980), it should consider the merits of the application. It voted not to accept the second application because the plan was not "materially different" from the campground proposed in the initial application.

In June 1999, the Holts submitted a third application with a plan which also contained 100 campsites, but expanded the buffer zones and redesigned the park's interior roads. The ZBA concluded that the changes between this submission and the first application were significant and voted to hear the application on its merits. A hearing was held in July 1999 at which several abutters, including the plaintiffs, testified against the proposal. In addition, a traffic engineer testified about the hazards of increased traffic, and a real estate appraiser testified about the negative impact on property values.

At the conclusion of the hearing, the ZBA voted to grant the requested special exception subject to certain conditions: (1) approval by the planning board and department of transportation (DOT) "for traffic regulations"; (2) restriction of campground occupants to the park area only, with no trespassing signs posted along the campground's boundaries; and (3) receipt of all State and local permits. The abutters sought a rehearing and submitted a report by a meteorological consultant as additional evidence to prove that noise and smoke would still pose a problem under the revised plan. The ZBA denied their request.

The plaintiffs appealed to the superior court, which vacated the ZBA's decision. After comparing the Holts' three applications, the court ruled that the ZBA's decision to accept the third application for review was unlawful because the Holts did not prove either a material change of circumstances affecting the application's merits or a material difference in use from the first two applications. The court stated that the changes contained in the third application did not address the concerns raised by the ZBA in its denial of the Holts' first application.

Additionally, the trial court found that, even assuming the ZBA properly considered the third application on its merits, its decision was both unlawful and unreasonable because the conditions for a special exception were not met. Specifically, the court held that the ZBA's decision was contrary to law because "Alton Zoning Ordinance § 420 does not permit the ZBA the discretion to grant a special exception when a nuisance or serious hazard has been identified." The court cited the ZBA's concerns over traffic and pedestrian safety as nuisances and serious

hazards, which would be resolved only if the planning board or DOT were to take action. To further support its ruling, the court cited the objections of abutters, the uncontroverted evidence from a meteorological consultant about the prevailing winds and the effect of smoke and noise on the area, and the serious traffic hazards that would be created. The Holts' request for reconsideration was denied, and this appeal followed.

On appeal, the Holts and the Town of Alton (town) argue that the superior court erred in vacating the ZBA's decision to review the third application on its merits. The Holts also argue that the court erred in ruling that the grant of the special exception was unlawful and unreasonable.

The trial court's review of the ZBA decision is governed by RSA 677:6 (1996). Pursuant to this statute, the ZBA's findings of fact are presumed to be *prima facie* lawful and reasonable, and its decision will be set aside only if it is unlawful or the court is persuaded by the balance of probabilities that it is unreasonable. *See* RSA 677:6; *Hannigan v. City of Concord,* 144 N.H. 68, 70 (1999). We will uphold the trial court's decision unless it is unsupported by the evidence or is legally erroneous. *Hannigan,* 144 N.H. at 70.

■ Assuming, without deciding, that the ZBA properly considered the third application on its merits, we conclude that the evidence supports the trial court's ruling that the ZBA's decision to grant the special exception was unlawful. In considering whether to grant a special exception, zoning boards may not vary or waive any of the requirements set forth within the applicable zoning ordinance. *New London Land Use Assoc. v. New London Zoning Board,* 130 N.H. 510, 517-18 (1988). Moreover, there must be sufficient evidence before the board to support favorable findings on all of the ordinance's requirements. *Barrington East Owners' Assoc. v. Town of Barrington,* 121 N.H. 627, 630 (1981).

Section 420 of the Alton Zoning Ordinance lists eight conditions that the zoning board must find for an application to be approved. Specifically, paragraphs five and eight require, respectively, that the proposed plan presents "no undue nuisance or serious hazard to pedestrian or vehicular traffic" and is "consistent with the spirit of [the Alton zoning] ordinance and the intent of the Master Plan." The trial court found that these conditions had not been met, noting that the ZBA heard testimony that the proposed campground would create "serious traffic hazards" that "would only be resolved *if* the Planning Board and/or the NHDOT acted by taking land, redesigning the intersection and pruning some trees and brush." The court concluded that because of the traffic hazards, the plan would not

"promote the public health, safety, and general welfare," as required by the zoning ordinance, and thus would not be "consistent with the spirit of [the] ordinance."

The evidence supports this conclusion. A traffic engineer, appearing on behalf of the Tidds, testified that the campground would generate a significant increase in traffic volume, causing a serious problem at the Reed Road/Route 11A intersection, where the view is obstructed by vegetation and the horizontal curve of the road. He presented evidence that the sight-distance deficiencies at the intersection do not meet the standards articulated by the American Association of State Highway and Transportation Officials. Although he stated that the problem was solvable, he opined that any solution would require control over certain private property for remedial alterations. He further stated that the obligation was with the project proponent to secure the right to make necessary alterations on that property, to make a proposal to the DOT and, upon DOT approval, to actually accomplish the physical alterations. Nevertheless, the ZBA granted the special exception without such a proposal, leaving resolution of the problem to other State and local officials. We conclude that by granting the special exception in the face of serious traffic hazards, the ZBA unlawfully waived or varied the conditions of the zoning ordinance.

The Holts further argue that the trial court erroneously failed to compare the potential effects of their plan with the effects *permitted* uses in the zone might have. Thus, on the issue of whether the proposed project would create an undue nuisance or serious hazard to pedestrian or vehicular traffic, they assert that the proper inquiry was whether the traffic conditions created by the campground will cause a greater nuisance than would be created by permitted uses within the zone. Since the Holts cite no authority to support this contention, we conclude that this argument is without merit.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.