Grafton
No. 2001-742

A.D. MCKIBBIN

v.

CITY OF LEBANON

Argued: November 6, 2002
Opinion Issued: January 21, 2003

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for the plaintiff.

*Gardner & Fulton, P.L.L.C.*, of Lebanon (*H. Bernard Waugh, Jr.* on the brief and orally), for the defendant.

*Cleveland, Waters and Bass, P.A.*, of Concord (*David W. Rayment* and *William B. Pribis* on the brief, and *Mr. Rayment* orally), for the intervenors, Bayson Properties, Inc. and Hannaford Bros. Co.

DALIANIS, J. The plaintiff, A.D. McKibbin, appeals a decision of the Superior Court (*Burling*, J.) affirming a decision of the City of Lebanon Zoning Board of Adjustment (board) granting an application for a special exception to intervenor Bayson Properties, Inc. (applicant). We affirm.

The following relevant facts are contained in the certified record. The applicant owns approximately ten acres of real property near Heater Road and Route 120 in the city of Lebanon (the city). The property is zoned general commercial, but is located within the city's Wetlands Conservation District. On April 27, 2000, the applicant applied for a special exception to construct a 56,000 square foot grocery store and a parking lot with 302 parking spaces. City Ordinance 401.5, Special Exceptions, provides, in pertinent part:

> Upon application to the Board of Adjustment, a special exception may be requested to permit the erection of a structure within the Wetlands Conservation District, provided that all of the following conditions are found to exist, in addition to the findings required by Section 801.3.
>
> . . . .
>
> B. Due to the provisions of the Wetlands Conservation District, no reasonable use of the lot can be made without the requested wetlands exception . . . .

LEBANON, N.H., ZONING ORDINANCE #2 art. IV, § 401.5 B (1990). On June 8, 2000, the Lebanon Conservation Commission recommended that the board grant the special exception. After holding public hearings, the board granted the special exception with certain conditions.

After his request for a rehearing was denied, the plaintiff appealed the board's decision to the trial court. In his petition, the plaintiff argued, in part, that the board erroneously interpreted and applied Ordinance 401.5 B because the evidence established that there were other reasonable uses for the property that would not require a special exception. On November

19, 2001, the trial court affirmed the board's decision. As part of its order, the trial court, relying upon *Simplex Technologies v. Town of Newington,* 145 N.H. 727 (2001), found that a literal interpretation of Ordinance 401.5 B would be contrary to the constitutional protections afforded property owners. Thus, the trial court stated that the board did not err in its interpretation of Ordinance 401.5 B. In addition, the court found that the board did not err in considering economic viability and investment-backed expectations as factors when deciding whether the applicant's proposal was a reasonable use. This appeal followed.

On appeal, the plaintiff argues that the trial court erred by: 1) relying upon the *Simplex* decision and applying a less restrictive standard for a special exception when interpreting Ordinance 401.5 B; 2) upholding the board's decision that no reasonable use could be made of the property without affecting wetlands; and 3) upholding the board's decision that the applicant's investment-backed expectations were reasonable under the circumstances.

The factual findings of the board are deemed *prima facie* lawful and reasonable, and will not be set aside by the superior court absent errors of law, unless the court is persuaded, based upon a balance of the probabilities of the evidence before it, that the board's decision is unreasonable. RSA 677:6 (1996). The party seeking to set aside the board's decision bears the burden of proof on appeal to the superior court. *Id.* We will uphold the superior court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Mt. Valley Mall Assocs. v. Municipality of Conway,* 144 N.H. 642, 647 (2000). Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. *Id.*

A special exception is a use permitted upon certain conditions as set forth in a town's zoning ordinance. *Geiss v. Bourassa,* 140 N.H. 629, 631 (1996). In applying for a special exception, the applicant has the burden of presenting sufficient evidence to support a favorable finding on each of the requirements for a special exception. *Jensen's, Inc. v. City of Dover,* 130 N.H. 761, 765 (1988). "It is generally recognized in this State that, in considering whether to grant a special exception, zoning boards may not vary or waive any of the requirements as set forth within the zoning ordinance." *New London Land Use Assoc. v. New London Zoning Board,* 130 N.H. 510, 517-18 (1988). In addition, there must be sufficient evidence before the board to support favorable findings on all of the ordinance's requirements. *Tidd v. Town of Alton,* 148 N.H. 424, 427 (2002).

The interpretation of a zoning ordinance is a question of law, which we review *de novo. Tausanovitch v. Town of Lyme,* 143 N.H. 144, 147 (1998).

Because the traditional rules of statutory construction generally govern our review, the words and phrases of an ordinance should be construed according to the common and approved usage of the language. *Id.*

■ In order to receive a special exception under Ordinance 401.5, an applicant must establish that "[d]ue to the provisions of the Wetlands Conservation District, no reasonable use of the lot can be made without the requested wetlands exception." LEBANON, N.H., ZONING ORDINANCE #2 art. IV, § 401.5 B (1990). All of the parties agree that the literal interpretation of this provision does not mean that the applicant, in order to receive a special exception, must affirmatively disprove all other uses of the lot except its proposed use. Rather, as the plaintiff conceded at oral argument, the proper construction of Ordinance 401.5 B is that the applicant must prove that he or she cannot reasonably use the lot without some encroachment upon the wetlands. The plaintiff agrees that economic return, measured from an objective standpoint, is a valid consideration when determining reasonable use.

The plaintiff contends that the trial court erred in upholding the board's decision because the board did not consider whether there were other reasonable uses for the property. He asserts that the evidence established that there were other reasonable uses, aside from a supermarket, that would not affect wetlands, and that the trial court's decision to the contrary is not supported by the record.

While there was evidence presented during the public hearings that there are many different uses permitted in the general commercial zoning district, the question for the board was what uses were "reasonable" under the circumstances of this case. The property in question is a large lot, approximately ten acres in size, and contains numerous "pockets" of wetlands scattered throughout the site. It is located in the city's commercial zoning district and borders, among other things, automobile dealerships, a clinic and two bank branches. During the public hearings, it was shown that there is no access to the property from Route 120 and that there is a lack of visibility from the road.

Larry LeClair, a real estate expert, testified that because of this limited access and lack of visibility, it is necessary to put something large on the property that will be visible from Route 120 and draw traffic to the site. Smaller stores would not be reasonable from an economic standpoint because they would not be visible from Route 120. Thus, LeClair confirmed that "no reasonable or logical use of th[e] property, considering all of the factors, could be made either [*sic*] than this type of store of [its] size."

It was also established that any large use of the property, similar to that proposed by the applicant, would affect the wetlands to some degree. The evidence revealed, however, that the degree of impact from the proposed development would be minimal. In fact, the City Conservation Commission noted in its recommendation of approval to the board that "given the General Commercial zoning of this parcel of land, the Commission feels that this plan is probably the most sensitive to wetlands impact that could be drawn."

Accordingly, we hold that there was sufficient evidence to support the board's decision that the applicant satisfied Ordinance 401.5 B by showing that no reasonable use could be made of the property without a wetlands exception. The trial court, therefore, did not err in upholding the board's decision. Because we conclude that the board did not err in interpreting Ordinance 401.5 B, as all of the parties construe it, we do not address the superior court's reliance upon the *Simplex* case. Finally, we will not consider the plaintiff's claim that the trial court erroneously upheld the board's decision that the applicant's investment-backed expectations were reasonable under the circumstances because there is no indication in the board's written opinion that it relied upon that evidence to support its decision.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.