# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0586, <u>In the Matter of Diane Malinick and John Malinick</u>, the court on September 19, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, John Malinick (husband), appeals the final decree of the Circuit Court (<u>Patten</u>, J.) in his divorce from the petitioner, Diane Malinick (wife). He argues that the trial court erred in: (1) not deducting the value of the garage before dividing the equity in the marital residence; (2) ordering him to reimburse the wife $50,000 she paid to reduce the home equity line of credit on his prior residence; (3) ordering him to reimburse the wife for certain expenses related to his prior residence; (4) not ordering the wife to reimburse him for three checks he paid to her totaling $114,200; and (5) awarding the marital residence to the wife.

The husband first argues that the trial court erred by not deducting the value of the garage, and awarding that value to him, before dividing the equity in the marital residence equally. The trial court is afforded broad discretion in determining matters of property distribution when fashioning a final divorce decree. <u>In the Matter of Ramadan & Ramadan</u>, 153 N.H. 226, 232 (2006). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. "In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed 'just' based upon the evidence presented and the equities of the case." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 35 (2002). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>Id</u>. at 36. Under RSA 458:16-a, II (2004), an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute. <u>Id</u>. at 35.

In this case, the court recognized that the husband had reimbursed the wife for her contribution to the cost of constructing the garage. However, the court also found that, overall, the wife had paid "the vast majority" of the costs of constructing the marital home, while the husband had contributed "the vast majority" of the labor required. Based upon the parties' evidence, the court concluded that "the parties are in an equal position relative to the value" of the marital residence and divided the value of the marital residence equally. Based upon this record, we cannot conclude that the trial court unsustainably

exercised its discretion by not subtracting the value of the garage, and awarding that value to the husband, before dividing the equity in the marital residence equally.  See In the Matter of Ramadan, 153 N.H. at 232.

The husband next argues that the trial court erred in ordering him to reimburse the wife $50,000 that she paid to reduce the home equity line of credit on his residence in Baltic, Connecticut.  He argues that because he used the money to pay costs of constructing the marital home, rather than to increase the equity in the Baltic home, the trial court should have considered the money to be part of the wife's financial contribution to the marital home.  The wife testified that she paid the money to reduce the line of credit that was secured by the Baltic home.  The trial court found that "[t]here [were] so many conflicts in the [husband's] testimony about cash resources, where money came from to pay . . . home construction costs and what money was used for what purposes," that it "assigned only limited credibility to [his] testimony." We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence.  In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). The trial court, as fact finder, may accept or reject, in whole or in part, the testimony of any witness or party, and is not required to believe even uncontested evidence.  Id. at 466.  We find no reason to disturb the trial court's credibility determinations in this case, and conclude that the trial court was not compelled to find that the money was part of the wife's financial contribution to the marital home.  See id.

The husband next argues that the trial court erred in ordering him to reimburse the wife $3,000 for septic repairs and $517.98 for other expenses at the Baltic home.  He argues that the order is contrary to the evidence that he paid the septic repair bill, and contrary to the parties' testimony that they divided regular household expenses equally.  The wife provided evidence that she paid $3,517.98 for repairs and other work necessary to prepare the Baltic property for sale, including one-half of the cost of the septic repair.  The trial court credited the wife's testimony and found that the $3,517.98 was used to prepare the Baltic property for sale.  As previously noted, we defer to the trial court's credibility determinations.  In the Matter of Aube, 158 N.H. at 465. We conclude that the trial court was not compelled to find that the expenses were regular household expenses, see id., and that the record supports the court's finding that the wife paid $3,517.98 to prepare the Baltic property for sale, see In the Matter of Letendre, 149 N.H. at 36.

The husband next argues that the trial court erred in not ordering the wife to reimburse him for three checks he paid to her totaling $114,200.  He asserts that the funds constituted proceeds from the sale of the Baltic residence, which he acquired prior to the marriage, and that the proceeds should be awarded to him.  The wife testified that the checks reimbursed her for payments she made toward the construction of the marital home.  The trial

2

court credited the wife's testimony, and we find no reason to disturb its credibility determination.  See In the Matter of Aube, 158 N.H. at 465.

Finally, the husband argues that the trial court erred in awarding the marital home to the wife, and ordering her to pay him for his share of the equity, with the previously noted adjustments.  He argues that the court should have awarded the marital home to him because he has a stronger attachment to the property.  Essentially, the husband is asking this court to reweigh the equities in the case.  However, it is for the trial court to determine a division of the estate that is "just" based upon the evidence presented and the equities of the case.  In the Matter of Letendre, 149 N.H. at 35.  Our role is to determine whether there is support in the record for the court's determination.  In the Matter of Heinrich & Heinrich, 164 N.H. 357, 365 (2012).  Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion in awarding the marital home to the wife.  See id.

To the extent that the husband argues that the court failed to provide sufficient reasons for its decision, we first note that he did not request specific findings and rulings of law before the court issued its narrative order.  RSA 458:16-a, IV (2004) requires that the court specify written reasons for the property division it orders.  "The purpose of requiring a written decision stating the findings of fact and rulings of law is to provide a basis for presenting this court the questions of law arising on the facts found by the trial court."  Geiss v. Bourassa, 140 N.H. 629, 632-33 (1996) (quotation and ellipsis omitted).  "This purpose is fulfilled when the trial court files, in narrative form, findings of fact which sufficiently support the decision."  Id. (quotation and brackets omitted).  In this case, the trial court provided a seven-page narrative order specifying the reasons for its property division.  We conclude that the court's order provides a sufficient basis to support its decision.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3