# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0728, <u>Gregory W. Dawson v. Julia F. Cormier</u>, the court on September 19, 2016, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Julia Cormier, appeals the order of the Superior Court (<u>Wageling</u>, J.), following a two-day bench trial, dividing proceeds from the sale of residential real estate she owned jointly with the petitioner, Gregory Dawson, pursuant to his petition to partition the property. <u>See</u> RSA chapter 547-C (2007 & Supp. 2015). The respondent argues that the trial court erred by dividing the proceeds of the sale unequally.

The parties, who have two children together, purchased the property for $285,000 on August 27, 2013. The petitioner moved out approximately six months later, in February 2014. The respondent continued to live in the premises with the parties' children until she moved out in July or August 2014. In December 2014, the property sold for $280,000, resulting in proceeds of $132,094.19.

"An action for partition calls upon the court to exercise its equity powers and consider the special circumstances of the case in order to achieve complete justice." <u>Foley v. Wheelock</u>, 157 N.H. 329, 333 (2009) (quotation and brackets omitted). "The propriety of affording equitable relief in a particular case rests in the sound discretion of the trial court." <u>Id</u>. at 332 (quotation omitted). We review the trial court's equitable order for an unsustainable exercise of discretion. <u>Id</u>. The party asserting that a trial court's order is unsustainable must demonstrate that the ruling was unreasonable or untenable to the prejudice of her case. <u>Id</u>.

RSA 547-C:29 (2007) provides:

In entering its decree the court may, in its discretion, award or assign the property or its proceeds on sale as a whole or in such portions as may be fair and equitable. In exercising its discretion in determining what is fair and equitable in a case before it, the court may consider: the direct or indirect actions and contributions of the parties to the acquisition, maintenance, repair,

preservation, improvement, and appreciation of the property; the duration of the occupancy and nature of the use made of the property by the parties; disparities in the contributions of the parties to the property; any contractual agreements entered into between the parties in relation to sale or other disposition of the property; waste or other detriment caused to the property by the actions or inactions of the parties; tax consequences to the parties; the status of the legal title to the property; and any other factors the court deems relevant.

In this case, the trial court determined that an unequal division of the sale proceeds would be equitable given the disparities in the parties' contributions to the purchase of the property, monthly mortgage payments, and the payment of other expenses. The trial court found that the petitioner contributed $86,924.01 to the purchase of the property, whereas the respondent contributed $72,746.45. In addition, the court found that the petitioner, or his family, paid the monthly mortgage on the property after the respondent vacated the premises in August 2014 until the property was sold in December 2014, for a total of $7,476.90 in mortgage payments. In addition, the court found that the respondent retained the full refund of an insurance premium, when she was entitled, at most, to only 50 percent, or $816.87. Thus, the court found, the petitioner's contributions toward the property exceeded the respondent's by a total of $22,471.33. The court ordered that the petitioner receive $22,471.33 from the proceeds of the sale, and that the remaining proceeds be divided equally.

The respondent argues that equity requires an equal division of the sale proceeds. She asserts that she expended considerable effort in maintaining, repairing, and improving the property, whereas the petitioner committed waste and damaged the property. The trial court found, however, that neither party "added to or subtracted from the value of the Property in any demonstrable way." We will not disturb the trial court's findings unless they lack evidentiary support or are legally erroneous. DeLucca v. DeLucca, 152 N.H. 100, 102 (2005). We conclude that the court's findings are supported by the evidence. See id.

The respondent also argues that the court erred in considering the contributions from the petitioner's family in determining an equitable division of the proceeds. Partition proceedings are "remedial in nature," and RSA chapter 547-C is to be "liberally construed in favor of the exercise of broad equitable jurisdiction by the court." RSA 547-C:30 (2007). The record shows that both parties relied upon their families, especially for their combined $167,170.46 down payment to purchase the property, and that the court considered both families' contributions in determining an equitable division. We conclude that the court did not err in considering family contributions when determining an equitable division in this case.

2

The respondent next argues that the trial court failed to provide written findings sufficient to support its decision. "The purpose of requiring a written decision stating the findings of fact and rulings of law is to provide a basis for presenting this court the questions of law arising on the facts found by the trial court." Geiss v. Bourassa, 140 N.H. 629, 632-33 (1996) (quotation and ellipsis omitted). "This purpose is fulfilled when the trial court files, in narrative form, findings of fact which sufficiently support the decision." Id. (quotation and brackets omitted). In this case, the trial court provided a ten-page narrative order specifying the reasons for its property division. We conclude that the court's order provides a sufficient basis to support its decision. See id.

To the extent that the respondent's brief raises additional arguments, we conclude that they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further consideration, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3