**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2020-0070, <u>In the Matter of Daniel Lovejoy and Brittany Lovejoy</u>, the court on January 29, 2021, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Brittany Lovejoy (mother), appeals the final decree of the Circuit Court (<u>DalPra</u>, M., approved by <u>Derby</u>, J.) in her divorce from the petitioner, Daniel Lovejoy (father), arguing that the trial court erred in: (1) ordering an equally-shared parenting plan, contrary to the weight of the evidence; (2) failing to apply the best interest standard set forth in RSA 461-A:6, I (Supp. 2020); (3) deviating from the child support guidelines without providing adequate reasons for doing so; (4) failing to compel discovery relating to the father's finances; and (5) failing to rule expressly on her motion for contempt. We affirm.

The mother first argues that the trial court's equally-shared parenting plan is contrary to the weight of the evidence. "When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment. <u>Id</u>. "Conflicts in the testimony, questions about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve." <u>Id</u>. "Indeed, resolution of the best interests of a child depends to a large extent upon the firsthand assessment of the credibility of witnesses, and the findings of the trial court are binding upon this court if supported by the evidence." <u>Id</u>.

We have recognized that "children do best when both parents have a stable and meaningful involvement in their lives." <u>In the Matter of Miller & Todd</u>, 161 N.H. 630, 640 (2011) (quotation omitted). "[I]t is the policy of this state to support frequent and continuing contact between each child and both parents and to encourage parents to share in the rights and responsibilities of raising their children." <u>Id</u>. (brackets and quotations omitted). In this case, the trial court ordered the parties to share parenting time equally on a week-to-week schedule, as they had been doing informally for the previous six years.

The mother proposed awarding her residential responsibility for the child during the week, and for the father to have the child every other weekend and one evening during the week. She argues that her proposal is in the child's best interest because the father lacks parenting skills. The GAL testified in support of the mother's proposal, asserting that the father had an "authoritarian" parenting style, and that extended periods with the father were causing difficulties for the child. The father, when asked about his parenting style, testified that if the child "steps out of line," he will "tell him he's done wrong," but asserted that he "teach[es] [the child] how to do things" and that he loves the child. The trial court noted that the father "is much more rigid in his discipline," but found insufficient evidence to show that his parenting style is harmful.

The mother argues that the father's testimony was not credible, and that the trial court erroneously "weighed [the GAL's] concerns and found [the father's] oral testimony to hold more weight." We have held that "[t]he recommendations of a GAL do not, and should not, carry any greater presumptive weight than the other evidence in a case." In the Matter of Heinrich & Curotto, 160 N.H. 650, 657 (2010) (brackets and quotation omitted). It was for the trial court to resolve conflicts in the testimony and weigh the evidence presented. In the Matter of Kurowski, 161 N.H. at 585. We conclude that the record contains an objective basis sufficient to sustain the trial court's discretionary judgment. See id.

The mother next argues that the trial court plainly erred by failing to apply the best interest standard set forth in RSA 461-A:6, I. The mother argues that the trial court, in stating that it was "not persuaded that a major change as [the mother] has proposed is in the child's best interests," erroneously applied the standard for modifying a permanent order of parental rights and responsibilities. See RSA 461-A:11, I (2018). We do not construe the trial court's order as failing to apply the best interest standard set forth in RSA 461-A:6, I. See In the Matter of Salesky & Salesky, 157 N.H. 698, 702 (2008) (interpretation of trial court order presents a question of law for this court). In rejecting the mother's proposal, the court found that "the child enjoys the time he spends with each parent." RSA 461-A:6, I (a) requires the court to consider "[t]he relationship of the child with each parent and the ability of each parent to provide the child with nurture, love, affection, and guidance." Accordingly, we find no error.

The mother also argues that the trial court failed to provide sufficient written reasons for its parenting plan. A trial court's findings generally are sufficient when they provide an adequate basis for appellate review. See Geiss v. Bourassa, 140 N.H. 629, 632-33 (1996). We conclude that the trial court made sufficient findings to support its decision.

2

The mother next argues that the trial court erred by deviating from the child support guidelines without providing adequate reasons for doing so. We will not disturb the trial court's child support order absent an unsustainable exercise of discretion or an error of law. In the Matter of Silva & Silva, 171 N.H. 1, 4 (2018). There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. Id.; RSA 458-C:4, II (2018). However, a written finding by the court that application of the guidelines would be unjust or inappropriate in a particular case is sufficient to rebut the presumption. RSA 458-C:4, II. In this case, the trial court found that the father earns approximately $1,033 per month as a self-employed laborer and receives $855 per month in veteran's benefits. The court found it equitable not to require him to pay child support, given that: (1) he does not earn a significant income; (2) the parties will share parenting time equally; and (3) he will share equal responsibility for the child's uninsured health care costs and miscellaneous expenses. We conclude that the trial court's findings are sufficient to support its decision to deviate from the guidelines. See In the Matter of Silva, 171 N.H. at 4.

The mother next argues that the trial court erred in failing to compel discovery relating to the father's finances. We review a trial court's decision on the management of discovery under our unsustainable exercise of discretion standard. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). To establish that the court erred under this standard, the mother must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case. Id. The mother concedes that the father responded to her discovery requests, but argues that his responses were incomplete and untimely, preventing her from effectively cross-examining him at trial. The record shows that the mother's counsel cross-examined the father extensively at the final hearing regarding his finances. We conclude that the mother has failed to demonstrate that the court's rulings in this area were clearly untenable or unreasonable to the prejudice of her case. See id.

Finally, the mother argues that the trial court erred by not expressly ruling on her motion for contempt. The contempt power is discretionary, and the proper inquiry is whether the trial court unsustainably exercised its discretion. In the Matter of Clark & Clark, 154 N.H. 420, 425 (2006). In her motion, the mother alleged that the father had refused to give the child his medication, despite the court's prior order requiring him to do so. In its final decree, the trial court acknowledged that the father "at times, has not always been focused on the details of the child's medication regimen." However, the court noted that the father "insisted that he would comply with the child's health care providers regarding medication." We assume, based upon these findings, that the court implicitly found no grounds to grant the mother's motion for contempt. See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (We assume that the trial court made all findings necessary to support its decree.). On this record, we cannot conclude that the trial court

3

unsustainably exercised its discretion by implicitly denying her motion for contempt. See In the Matter of Clark, 154 N.H. at 425.

To the extent that the mother raises additional arguments, we conclude that they are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**